**CITY OF DES MOINES,**
Iowa, Plaintiff,

v.

**IOWA DISTRICT COURT FOR POLK COUNTY, Defendant.**

No. 87–1348.

Supreme Court of Iowa.

Nov. 23, 1988.

Ivan T. Webber, Corp. Counsel, Des Moines, for plaintiff.

Thomas J. Miller, Atty. Gen., and Roxann M. Ryan, Asst. Atty. Gen., for defendant.

Considered by LARSON, P.J., and SCHULTZ, CARTER, SNELL, and ANDREASEN, JJ.

CARTER, Justice.

The City of Des Moines (the city) has challenged, via certiorari, certain actions of

the Iowa District Court for Polk County with respect to alleged violations of municipal parking ordinances. The transactions in which the legal claims are presented concern four parking tickets issued by city traffic code enforcement officers by affixing a so-called "violator's copy" to the windshield of an unattended, parked automobile. Action taken by the court on September 3, 1987, in the presence of an assistant city attorney, resulted in the judge marking "dismissed" on the violator's copies.

At this time, the city had not filed any documents with the court with respect to the underlying violations. This prompted the court to request that the city file the subscribed and sworn originals of the parking tickets in order that the formal record might be completed as to the court's disposition of the purported charges.

The city balked at taking an action which would render it liable for court costs on traffic charges which had never been formally filed with the court. The city urged that the court had no jurisdiction to act in the absence of the filing of formal charges and that it was within the city's discretion as to whether that would be done. The city also challenged the court's authority to dismiss the charges without trial. After an unsuccessful effort to secure an adjudication of the dispute by a district judge, the city filed the sworn originals of the four tickets with the court. It then commenced this original certiorari action, challenging the steps taken by the court in directing it to file the documents.

Three of the four parking tickets at issue involve a single automobile, registered to Above and Beyond Travel—2708 Grand Avenue—Des Moines. These tickets were issued on July 20, 1987; August 4, 1987; and August 17, 1987, respectively. In each instance, the violation which was indicated involved an expired registration plate. Under a local ordinance, a parked vehicle not bearing valid registration is deemed to be illegally parked. The fourth parking ticket involved an automobile registered to Bob's Used Cars—Des Moines. That ticket was issued on September 3, 1987, and pertained to an alleged overtime parking offense which occurred while the agent of the owner was attending a court appearance occasioned by an earlier parking violation.

The city traffic code enforcement officers utilize multiple-purpose forms for the prosecution of parking violations. These forms may be completed in a manner which requires a court appearance by the violator at a specified time. In the alternative, they may be completed in a manner which utilizes the "notice of fine" procedure contained in Iowa Code section 321.236(1)(a) (1987). Also, the forms are capable of being designated as a "summons" applicable for charging violations by a corporation in accordance with Iowa Code section 807.1 (1987). The tickets left on the vehicles' windshields are accompanied by a printed explanation of the procedure for both "payment-date tickets" implementing the notice-of-fine procedure and "court-appearance-date tickets."

With respect to the appearance-date tickets, the forms may be used as a citation procedure in which the officer's copy may be subscribed and sworn and filed as a complaint under Iowa Rule of Criminal Procedure 35. Violators who ignore the appearance date may face charges of failure to appear. Violators who appear on a scheduled date may enter a plea and have their violations set for trial if they wish to resist the charges.

A printed explanation accompanying the windshield citations indicates that even as to a "court-appearance-date ticket" the violator may avoid the court appearance by paying a specified fine at the city treasurer's office at least two days prior to the time for appearance. There is, however, no legal obligation that the violator take any action prior to the scheduled appearance date.

I. *The City's Jurisdictional Argument.*

■ Within the context of the legal procedures available to and utilized by the city for these four parking violations, we consider its claims that the court, on September 3, 1987, was without jurisdiction to act

on these four tickets. This contention is premised on the city's belief that it retains a discretion not to prosecute any traffic offense and may exercise that discretion simply by never filing the complaint copy of the citation with the court. The absence of a filed complaint, the city argues, precludes any justiciable legal cause from arising.

The city's jurisdictional argument is, we believe, meritorious with respect to the notice-of-fine ticket issued to Bob's Used Cars. Under the notice-of-fine procedure contained in Iowa Code section 321.-236(1)(a), the ticket provides no legal basis for invoking the jurisdiction of the Iowa District Court. Such jurisdiction can only be invoked by a later complaint filed with the court under Iowa Rule of Criminal Procedure 35. Because this had not been done on this alleged violation, the district court acted beyond its jurisdiction in purporting to adjudicate the validity of the charge.

■ We find the situation is different, however, with respect to the court-appearance-date tickets. These citations are a legal process bearing the caption of the court and purporting to invoke the court's jurisdiction on the date specified in the citation. As a result, we believe the city, as complaining party, is obliged to file the necessary charging documents by the time of the specified appearance date. The record indicates that action by the court to compel such filing is a routine situation in the Iowa District Court for Polk County to the extent that a printed form has been prepared for use in obtaining these original citations from the city clerk. The form utilized for this purpose is substantially as follows:

IN THE IOWA DISTRICT COURT
FOR POLK COUNTY

| | | |
|---|---|---|
| | ) | |
| Re: Parking Tickets | ) | ORDER |
| Traffic Division | ) | |

It is hereby ordered that the City Clerk, of the City of Des Moines, transfer parking citation number _____, registered owner _____, _____, to
(name) (address)
the Clerk of the Polk County District Court.

_____

Judge

Although the fact that standardized requests for unfiled traffic citations have become an accepted practice cannot serve to legalize an act beyond the court's authority, we believe that there is ample reason to hold that such authority exists. On civil filings, the issuance of the court's process is tightly controlled by the clerk, and such process may not issue until a petition has been filed. See Iowa R.Civ.P. 49. In contrast, the criminal citation procedure routinely employed for traffic offenses involves the issuance of a form of process before any complaint has been filed with the clerk. Through the use of this procedure the court acquires jurisdiction to take some action on the appearance date specified in the citation. As observed in 62 Am.Jur.2d Process section 5, at 788–89 (1972):

Primarily, a court has inherent power to issue any writ that may be necessary to give effect to its authority or jurisdiction. The process of a court is invalid and ineffectual only where it has been issued without power in the court to award the same, or where the court has not acquired jurisdiction to issue it in the particular case. Under the practice in most jurisdictions, however, as in the federal courts, the summons is issued by the clerk of court, usually upon the filing of the declaration, complaint, or petition, and since the issuance of a summons notifying the defendant of the commencement of an action against him, and to appear and answer therein, is considered a ministerial rather than a judicial act, its issuance is usually entrusted to the clerk of the court or his deputy, without the necessity of any order from the court or judge. But in some jurisdictions process is issued by the plaintiff or his attorney.

(Footnotes omitted.)

■ We further conclude that the prosecuting authority's failure to facilitate this

process by filing a sworn copy of the citation as a complaint on or before the time the violator appears may, in the court's discretion, be grounds for an adjudication barring any further prosecution of the charge. If the court elects to act in this manner, it is, we believe, empowered to direct that the record of the court reflect the substance of the proceedings which have transpired. This may include requiring the prosecuting authority to file the complaint copy of the citation.

■ In reaching this conclusion, we have considered the city's argument that it is unreasonable to require it to follow through on filing the complaint copy of the citation on all court-appearance-date tickets. It suggests that it must necessarily undertake a screening process in order to weed out invalid charges. We agree that disposing of invalid traffic charges outside of the judicial system is highly desirable and should not be discouraged. Nevertheless, we are forced to conclude that once the prosecuting authority acts to establish a court appearance date in a citation left on the violator's automobile it must elect whether or not to proceed with the charge by the time that date arrives. The position taken by the city in the present case, however, is that it can hold the matter in limbo for an indefinite period of time—a position which the district court properly rejected.

■ We also have given consideration to the city's argument that the windshield copies of these traffic citations cannot constitute a legal process sufficient to invoke the court's jurisdiction because they only identify the registered vehicles at this stage and omit the names of the owners. The city invites us to consider this circumstance in light of the requirements for establishing a case against the vehicle's owner under our decision in *Iowa City v. Nolan*, 239 N.W.2d 102, 105 (Iowa 1976). We note that *Nolan* concerned elements of proof at trial and not the form of citation sufficient to initiate a charge. Moreover, we believe it is always possible for a violator who appears in response to a citation to waive any defects in the notice-giving function and ask that the court proceed with the case.

Based on the situation which existed on September 3, 1987, we find the district court did not abuse its discretion in adjudicating adversely to the city those traffic charges for which the city, on or after the appearance date, declined to file the complaint copy of the citation. This finding has application to the action taken on the July 20 and August 4 tickets issued to Above and Beyond Travel. With respect to the ticket issued to Above and Beyond Travel on August 17, the court had not acquired jurisdiction to act on September 3, 1987, because the appearance date specified in that citation had not yet arrived. As previously noted, the court also had no jurisdiction to act on the notice-of-fine ticket issued to Bob's Used Cars on September 3, 1987.

## II. *Other Issues Urged by the City.*

■ Other issues urged by the city in this action include a claim that the district court acted improperly in rendering an ex parte adjudication of a traffic charge in violation of this court's supervisory order of April 14, 1987, entitled "In re the Matter of Dismissal of Criminal Charges in the Iowa District Court." This assertion relates to an ex parte communication to the judge and not to an ex parte adjudication.

Although ex parte communications with the court are not favored and should be discouraged, we recognize that it is perhaps impossible in administering a busy traffic court docket in a major city to preclude all ex parte communications between the presiding judge and lay violators appearing in court. The critical thing in this regard is that no adjudication be made without granting the prosecuting authority a right to be heard. This is the thrust of our supervisory order of April 14, 1987. Nothing in the present record suggests that an ex parte adjudication occurred in the present case. An assistant city attorney was present and objected to the proceedings.

■ The city also challenges the attempt by the district court to dismiss any of the charges at issue here without holding a trial. When a violator first appears in

court in response to a traffic citation, the court should ordinarily act only for purposes of accepting a plea, entering a lawful sentence on a plea of guilty, or scheduling a trial on a plea of not guilty. To the extent we have approved, in the present case, an adjudication against the prosecuting authority at the time of initial appearance if the prosecuting authority balks at formally filing the charge, this represents an exceptional situation. Absent some ground which is similarly compelling, alleged traffic violations which are challenged should not be disposed of absent a fact finding hearing.

For the reasons which we have outlined, we hold the court acted legally and within its jurisdiction as to the July 20 and August 4 traffic citations issued to Above and Beyond Travel. It acted beyond its jurisdiction in dealing with the traffic citation issued to that violator on August 17, 1987. It also acted beyond its jurisdiction with respect to the notice-of-fine issued to Bob's Used Cars on September 3, 1987. Consistent with this ruling, the writ of certiorari is sustained in part and annulled in part.

WRIT SUSTAINED IN PART; ANNULLED IN PART.